**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4279**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

GARY DALE MOORE,

            Defendant - Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.   Joseph R. Goodwin,
Chief District Judge.   (2:07-cr-00023-1)

Submitted:  December 31, 2008      Decided:  January 26, 2009

Before WILKINSON, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jane Moran, Williamson, West Virginia, for Appellant. Charles T.
Miller, United States Attorney, Lisa G. Johnston, Assistant
United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Dale Moore appeals his conviction and resulting 180-month sentence for possession of a firearm and ammunition by a convicted felon after pleading guilty. Moore argues that the district court erred in denying his motion to suppress evidence discovered during execution of a fugitive arrest warrant served at the residence of a third party. He also contests the district court's finding that he qualified for an enhanced sentence under the Armed Career Criminal Act. Finding no error, we affirm.

The factual findings underlying a motion to suppress are reviewed for clear error, while the legal determinations are reviewed de novo. See Ornelas v. United States, 517 U.S. 690, 691 (1996); United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the government. See United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998). We have reviewed the briefs and the joint appendix and uphold the district court's ruling from the bench that the arresting officers had reliable information that an out of state fugitive arrest warrant existed for Moore and therefore the officers had probable cause to arrest him. Further, the search of the residence was incident to the lawful entry to

serve the warrant and entry was with the consent of the third-party resident of the dwelling.

Moore qualified for sentencing under the Armed Career Criminal Act (ACCA) based on two Ohio aggravated burglary charges and one jailbreaking conviction. Moore argues on appeal that, although he was tried as an adult on the aggravated burglary charges, he committed the crimes as a juvenile and because his crimes did not involve the use or carrying of a firearm, knife, or destructive device, as required by 18 U.S.C. § 924(e) (2006), these convictions should not qualify as ACCA crimes. The Government argues that Moore's argument is premised on an erroneous interpretation of 18 U.S.C. § 924(e).

Whether a previous conviction qualifies as a "crime punishable by imprisonment for a term exceeding one year" is defined by the law of the state's conviction. See 18 U.S.C. § 921(a)(20) (2006). Under Ohio law, any person who is over the age of fourteen may be tried as an adult, with the resulting conviction to be treated as an adult conviction. See Ohio Rev. Code §§ 2152.02, 2152.12. The Government introduced the charging documents for aggravated burglary of a dwelling, a written plea agreement to both counts, the Ohio court order deferring sentencing and referring the case to the Adult Probation Officer for a recommendation on whether Moore should

3

serve his sentence in a juvenile facility, and a journal entry from the state court treating Moore as an adult at sentencing.

This court has found that if the defendant was prosecuted as an adult, it is irrelevant that the defendant was a juvenile at the time of the offense for the purposes of § 924(e), as long as the offense is punishable by more than one year imprisonment. United States v. Lender, 985 F.2d 151, 155-56 (4th Cir. 1993). Therefore, Moore's aggravated burglary convictions qualify as two predicate felonies under the ACCA and were properly attributed.

Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4